UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS C. DITTRICH,

    Petitioner,

v.-

JEFFREY WOODS,

    Respondent,

CASE NO. 07-CV-13024
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER GRANTING AN EVIDENTIARY HEARING ON PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM AND ORDERING ORAL ARGUMENT ON PETITIONER'S CONFRONTATION CLAUSE CLAIM

Thomas C. Dittrich, ("Petitioner"), presently confined at the Hiawatha Correctional Facility in Kincheloe, Michigan, has filed a petition for writ of habeas corpus through counsel Mark J. Kriger pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for six counts of third-degree criminal sexual conduct, M.C.L.A. 750.520d(1)(a); and one count of fourth-degree criminal sexual conduct, M.C.L.A. 750.520e(1)(a). [1] For the reasons stated below, the Court will **GRANT** an evidentiary hearing with respect to petitioner's ineffective assistance of counsel claim. The Court further orders oral argument on petitioner's Confrontation Clause claim.

---

[1] When petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Kinrsoss Correctional Facility, but has since been transferred to the Hiawatha Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Therefore, the Court substitutes Warden Jeffrey Woods in the caption.

1

*Dittrich v. Woods,* U.S.D.C. 07-CV-13024

## I. Background

Petitioner was convicted of the above charges following a jury trial in the Oakland County Circuit Court. Petitioner's counsel has provided a detailed statement of facts in his petition for writ of habeas corpus. Respondent has not disputed these facts in his answer. The Court will therefore accept the factual allegations contained within the habeas petition insofar as they are consistent with the record, because the respondent has not disputed them. *See Dickens v. Jones,* 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002). Because the facts do not need to be repeated in their entirety, at least for purposes of this opinion, the Court will recite verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001):

> Defendant's convictions arose from a three-month sexual relationship with his daughter's thirteen-year-old classmate. In 2002, defendant lived with his wife and two teenaged daughters in a large home in Davisburg. The complainant, as well as other friends of the Dittrich children, often spent weekend nights in the family's home. The complainant also spent several weekday nights with the family. While staying at defendant's home, the complainant would sleep on a couch in the room adjacent to the master bedroom, rather than upstairs with defendant's daughters. Several witnesses testified that defendant and the complainant were frequently left alone together in the house. The family owned several horses. The complainant and defendant would frequently stay home while the others went riding.
>
> The complainant alleged that the various instances of sexual assault occurred at night while she slept alone on the couch or while everyone was riding. During October and November of 2002, defendant frequently engaged in sexual acts with the complainant, including digital penetration and oral sex. The complainant alleged that she performed oral sex upon defendant and the two had intercourse for the first time over Thanksgiving weekend. The complainant testified that, in December, she and defendant

*Dittrich v. Woods,* U.S.D.C. No. 07-CV-13024

once engaged in sexual acts at her home while her mother was gone. The complainant testified that she and defendant had intercourse six or seven times, and that she performed oral sex on defendant several times.

The complainant testified that she was in love with defendant, and believed that he was in love with her. She testified that defendant promised to divorce his wife, marry her, sell his business, and move with her to Florida. She also testified that defendant bought her expensive presents, gave her money, and promised to buy her family a new home and cars. Defendant also gave the complainant sexually explicit materials. The complainant was also able to describe a bump on defendant's penis that was consistent with his wife's testimony.

According to the testimony of defendant's wife, daughter, and another frequent house guest, defendant's conduct with the complainant was immediately suspicious. In October of 2002, defendant's wife phoned him and asked him to assist with a horse that had broken loose. Defendant took more than an hour to make the ten-minute drive to his wife's location and brought the complainant, who had left the Dittrich house earlier, with him. On another occasion, defendant would not allow his daughter to accompany him when he drove the complainant home and went to pick up a pizza. He was gone for three hours. Defendant and the complainant were also observed drinking alcohol together, looking at pornography on a computer, and drawing pornographic pictures. Both defendant's wife and daughter testified that they once saw defendant and the complainant "spooning" on the couch and were unable to separate the two.

*People v. Dittrich,* No. 255536, * 1-2 (Mich.Ct.App. November 3, 2005)(footnotes omitted).

Petitioner's conviction was affirmed on appeal. *Id., lv. Den.* 474 Mich. 1128, 712 N.W.2d 477 (2006).

Petitioner now seeks a writ of habeas corpus on the following grounds:

I. The failure to defense counsel to object to "other act evidence" that Petitioner beat his wife and children denied Petitioner his Sixth Amendment right to effective assistance of counsel.

II. Petitioner was denied his Sixth Amendment right to confront the witnesses against him where the trial court refused to allow defendant to cross examine

*Dittrich v. Woods,* U.S.D.C. No. 07-CV-13024

the complainant regarding past sexual conduct in order to show that her hymen may have been ruptured by someone other than Petitioner.

Petitioner has also requested an evidentiary hearing on his ineffective assistance of counsel claim.

## II. Discussion

In his first claim, petitioner alleges that his defense counsel was ineffective for failing to object to, as well as for eliciting, highly prejudicial, irrelevant, and inadmissible "other acts" evidence involving petitioner's alleged physical and verbal abuse of his wife and daughters. During petitioner's trial, the prosecutor and defense counsel both elicited testimony regarding what the Michigan Court of Appeals described as "the Dittrich family's tumultuous home life, including specific acts of violence." *Dittrich,* No. 255536, Slip. Op. at * 3. The prosecutor contended that this evidence was necessary to explain how petitioner was able to engage in sexual relations with a young girl in his family's home. Petitioner's attorney argued that this evidence was relevant to show that petitioner's family had a motive to falsely incriminate him. *Id.*

Petitioner's appellate counsel filed a motion to remand the case to the trial court for an evidentiary hearing on petitioner's ineffective assistance of trial counsel claim. The Michigan Court of Appeals denied the motion to remand because petitioner had failed to persuade that court of the necessity of a remand at that time. *People v. Dittrich,* No. 255536 (Mich.Ct.App. March 15, 2005).

In affirming petitioner's conviction, however, the same Court held that petitioner did not preserve the issue of ineffective assistance of counsel by moving for a new trial

4

*Dittrich v. Woods,* U.S.D.C. No. 07-CV-13024

or a *Ginther* hearing [2], thus, the Court limited itself to a plain error review of the existing record. *People v. Dittrich,* No. 255536, * 3 (Mich.Ct.App. November 3, 2005).

The Michigan Court of Appeals rejected petitioner's claim, asserting that "this was not a close case and, therefore, any error in admitting this evidence was harmless." *Id.* at * 4. However, the Michigan Court of Appeals indicated:

> "We would be remiss, however, if we did not express our concern over the use of this character evidence. In most instances, the evidence of domestic violence was far more prejudicial than probative. Defendant never sexually abused his own children or any other minor house guest. The only purpose this evidence served was to portray defendant as a man of bad character predisposed to do bad deeds. Despite the highly prejudicial nature of this evidence, defense counsel repeatedly failed to object to its admission, and actually used the evidence himself in an attempt to establish that defendant's family was biased against him. Given the tendency of the jury to give excessive weight to such improper character evidence, we cannot presume that this was sound trial strategy."
> *Id.*

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must

---

[2] *People v. Ginther,* 390 Mich. 436; 212 N.W. 2d 922 (1973).

*Dittrich v. Woods,* U.S.D.C. No. 07-CV-13024

show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

    A federal court must grant an evidentiary hearing to a habeas corpus applicant if:

(1) the merits of the factual dispute were not resolved in a state hearing;
(2) the state factual determination is not fairly supported by the record as a whole;
(3) the fact finding procedure in state court was not adequate to afford a full and fair hearing;
(4) there is a substantial allegation of newly discovered evidence;
(5) material facts were not adequately developed at a state court hearing; or
(6) for any reason it appears that state trier of fact did not afford applicant a full and fair fact hearing.

*Townsend v. Sain*, 372 U.S. 293, 313 (1963); 28 U.S.C.A. § 2243. See also, *Brown v Smith*, __ F.3d. __ (6th Cir, No. 06-2295, 12/31/08).

    One of the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) states that if an applicant for a writ of habeas corpus has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that:

(A) the claim relies on:

(I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Dittrich v. Woods,* U.S.D.C. No. 07-CV-13024

28 U.S.C.§ 2254 (e)(2).

Under the opening clause of § 2254 (e)(2), a failure to develop the factual basis of a claim by a habeas petitioner is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or prisoner's counsel. *Williams v. Taylor*, 529 U.S. 420, 432 (2000).  Diligence for purposes of the opening clause of this subsection of the AEDPA depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend upon whether those efforts would have been successful. *Id.* at 435.  Diligence will require that the petitioner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law. *Id.*

Federal-state comity is not served by stating that a prisoner has "failed to develop the factual basis of a claim" where he was unable to develop his or her claim in state court despite diligent efforts to do so.  In that circumstance, an evidentiary hearing is not barred by U.S.C.§ 2254 (e)(2). *Williams*, 529 U.S. at 437; *See also Brown, supra*. If there is no lack of diligence at the relevant stages in the state proceedings, a petitioner has not failed to develop the facts under the opening clause of the AEDPA governing whether a federal habeas petitioner may obtain an evidentiary hearing on a claim for which a petitioner has failed to develop a factual basis in state court proceedings, and petitioner will be excused from showing compliance with the balance of the subsection's requirements. *Id.*

Petitioner is entitled to an evidentiary hearing on his ineffective assistance of trial counsel claim.  Petitioner's claim, if true, could entitle him to relief.  As the Michigan

7

*Dittrich v. Woods,* U.S.D.C. No. 07-CV-13024

Court of Appeals noted in their opinion, most of the domestic violence evidence "was far more prejudicial than probative" and "[T]he only purpose this evidence served was to portray defendant as a man of bad character predisposed to do bad deeds." The Michigan Court of Appeals further concluded that they could not presume that it was sound trial strategy for counsel to fail to object to, or seek the admission of, such "improper character evidence." *Dittrich,* Slip. Op. At * 4.

Under the circumstances, defense counsel's failure to object to this improper character evidence, as well as his decision to elicit some of the same damaging evidence, may entitle petitioner to relief. *See e.g. Washington v. Hofbauer,* 228 F. 3d 689, 704 (6th Cir. 2000(counsel for defendant charged with acts of criminal sexual conduct against minor daughter of defendant's live-in girlfriend was ineffective in failing to object to acts of misconduct by prosecutor in improperly emphasizing evidence of defendant's "bad character" during closing argument). More importantly, contrary to the Michigan Court of Appeals' finding, the evidence in this case was not so compelling for this Court to conclude, at least without first conducting an evidentiary hearing, that counsel's ineffectiveness did not prejudice petitioner. As petitioner's counsel noted, there were no eyewitnesses to the alleged sexual assaults. Other than the victim's testimony, the only additional damaging evidence was petitioner's wife testimony that petitioner admitted having a sexual relationship with the victim. However, petitioner's wife's testimony must be regarded with great skepticism, in light of her contentious relationship with petitioner.

*Dittrich v. Woods,* U.S.D.C. No. 07-CV-13024

The Court further finds that petitioner exercised due diligence in presenting these claims in the Michigan courts. Petitioner filed a motion to remand for a *Ginther* hearing, but this request was denied by the Michigan Court of Appeals.

The Court will therefore order an evidentiary hearing on petitioner's first claim. The Court will further order oral argument on petitioner's Confrontation Clause claim. *See Bell v. Coughlin,* 778 F. Supp. 164, 178-79 (S.D.N.Y. 1991).

### III.  ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that an evidentiary hearing in this case with respect to petitioner's ineffective assistance of counsel claim.

IT IS FURTHER ORDERED that oral argument shall be conducted on petitioner's Confrontation Clause claim.

        S/Arthur J. Tarnow
        Arthur J. Tarnow
        United States District Judge

Dated:  January 13, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 13, 2009, by electronic and/or ordinary mail.

        S/Catherine A. Pickles
        Judicial Secretary