**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THOMAS C. DITTRICH,

    Petitioner,                    CASE NO. 07-CV-13024
                                     HONORABLE ARTHUR J. TARNOW
v.                              UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

    Respondent,

_____/

## OPINION AND ORDER GRANTING A CERTIFICATE OF APPEALABILTY

On March 17, 2009, this Court granted petitioner a conditional writ of habeas corpus, finding that petitioner had been denied the effective assistance of trial counsel. *Dittrich v. Woods,* 602 F. Supp. 2d 802 (E.D. Mich. 2009). The Court denied petitioner habeas relief with respect to his Confrontation Clause claim.

On March 18, 2009, the respondent filed a notice of appeal from the Court's order granting habeas relief. On May 1, 2009, petitioner's counsel filed a notice of cross-appeal. On May 18, 2009, petitioner's counsel filed a motion for a certificate of appealability. For the reasons stated below, petitioner's request for a certificate of appealability is granted.

An appeal may not be taken from the final order of a district court denying a motion filed pursuant to 28 U.S.C. § 2254 unless a certificate of appealability issues. 28 U.S.C. § 2253(c)(1)(A). In order to issue a certificate of appealability, the district court must find that the petitioner has made a "substantial showing of the denial of a

1

constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  A habeas petitioner must obtain a certificate of appealability to seek appellate review of a rejected claim, as a cross-appellant, when the state appeals the grant of habeas relief on another claim. *Manokey v. Waters*, 390 F.3d 767, 773-74 (4th Cir. 2004). [1]

In his second claim, petitioner alleged that the trial court violated his Sixth Amendment right to confrontation by denying his motions to introduce evidence of the complainant's sexual history to establish an alternate source of her ruptured hymen.

The Court rejected this claim, finding that any error by the trial court in excluding the evidence of the complainant's sexual history was harmless, in light of the fact that such evidence would had only tenuously exculpatory value. *Dittrich,* 602 F. Supp. 2d at 809.  The Court noted that Dr. Sabbath acknowledged that the victim's hymen could have been ruptured by the insertion of a tampon, fingers, or other objects into the victim's vagina.  The jury therefore had evidence before it that could have negated petitioner as the source of the victim's injury.  Secondly, any evidence that another person may have vaginally penetrated the victim would not have exculpated petitioner of the several counts which involved oral sex. *Id.*

---

[1] Of course, as the appellee on the State of Michigan's appeal of this Court's grant of federal habeas relief, petitioner would not be required to obtain a certificate of appealability to raise any arguments in support of the judgment in his favor. *Szabo v. Walls,* 313 F. 3d 392, 397-98 (7th Cir. 2002).

Although this Court still believes that its decision to deny petitioner habeas relief on his Confrontation Clause claim was correct, the Court will nonetheless issue a certificate of appealability on the issues raised in this petition. Courts have issued a certificate of appealability on Confrontation Clause claims where the issue presented a "close question". *See Bui v. DiPaolo*, 985 F. Supp. 219, 229 (D. Mass. 1997). Because jurists of reason could debate whether any error by the trial court in its restriction on cross-examination was harmless, a certificate of appealability shall issue on petitioner's second claim. *See Robinson v. Stegall,* 157 F. Supp. 2d 802, 824 (E.D. Mich. 2001).

## ORDER

**IT IS HEREBY ORDERED** that a certificate of appealability shall be issued with respect to petitioner's second claim that he was denied his Sixth Amendment right of confrontation.

> S/Arthur J. Tarnow
> Arthur J. Tarnow
> United States District Judge

Dated: May 27, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 27, 2009, by electronic and/or ordinary mail.

> S/Catherine A. Pickles
> Judicial Secretary