UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS C. DITTRICH,

    Petitioner,                            CASE NO. 07-CV-13024
                                             HONORABLE ARTHUR J. TARNOW
v.                                         UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

    Respondent,

_____/

## OPINION AND ORDER DENYING THE MOTION FOR A STAY PENDING APPEAL AND AMENDING THE COURT'S ORDER OF MARCH 17, 2009

This matter is before the Court on respondent's motion for a stay pending the appeal of the Court's decision to grant habeas relief to the petitioner. For the reasons stated below, the motion for a stay is **DENIED**. However, since there was a delay in issuing this decision, the Court will amend the order for new trial from 90 days to 120 days.

On March 17, 2009, this Court granted petitioner a conditional writ of habeas corpus, finding that petitioner had been denied the effective assistance of trial counsel for failing to object to the admission of "other acts" evidence that petitioner had engaged in acts of domestic violence against his wife and children. *Dittrich v. Woods,* 602 F. Supp. 2d 802 (E.D. Mich. 2009). The Court ordered that a new trial for petitioner be scheduled within 90 days, or an unconditional writ would issue. The Court denied petitioner habeas relief with respect to his Confrontation Clause claim. *Id.*

1

On March 18, 2009, the respondent filed a notice of appeal from the Court's order granting habeas relief. On April 15, 2009, this Court released petitioner on $10,000.00 unsecured bond, with several conditions.

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas relief, but this presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F. 2d 164, 166 (6th Cir. 1992); *Burdine v. Johnson*, 87 F. Supp. 2d 711 (S.D. Tex. 2000); F.R.A.P. Rule 23(c). Because habeas proceedings are civil in nature, the general standards of governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the state's appeal. *Hilton*, 481 U.S. at 776.

> The factors regulating the issuance of a stay are:
>
> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
> (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. at 776; *Workman v. Tate*, 958 F. 2d at 166.

In determining whether to stay an order granting relief to a habeas petitioner, pending the state's appeal, federal courts are not restricted to consider only the petitioner's risk of flight, but are authorized to consider traditional stay factors, including the risk that petitioner would pose a danger to the public if released, the state's interest in continuing custody and rehabilitation of the petitioner, the interest of the habeas

petitioner in his or her release pending appeal, and the likelihood of the state's success on the merits of the appeal. *Hilton v. Braunskill*, 481 U.S. at 777. The interests of the habeas petitioner in release pending appeal, while always substantial, will be strongest where these factors are the weakest. *Id.* at 777-78. The balance of factors relevant to determining whether a successful habeas petitioner should be released pending appeal may depend to a large extent upon a determination of the state's prospects of success in its appeal. *Hilton,* 481 U.S. at 778; *Workman*, 958 F. 2d at 166. Where the state fails to show either that it has a strong likelihood of success on appeal or can demonstrate a substantial case on the merits, the preference for release of the petitioner should control. *Hilton,* 481 U.S. at 778.

  The Court declines to grant respondent's motion for a stay of proceedings pending appeal in this case. First, and most importantly, the respondent is not entitled to a stay of proceedings pending appeal because he has failed to show either a strong likelihood of success on appeal or that he has a substantial case on the merits. *See Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 778 (E.D. Mich. 2004). Although respondent contends in his motion that he has a reasonable likelihood of prevailing on the merits of the appeal, he has offered no case law in support of his argument. Because respondent has failed to offer any case law in support of his claim that he has a reasonable likelihood of prevailing on appeal, respondent has waived his argument on this issue. *Id.*

  Additionally, respondent has failed to show that he has a reasonable likelihood of prevailing on the merits in light of the fact that he acknowledges in his motion that petitioner's trial counsel conceded that he was deficient in failing to object to the

admission of this damaging evidence against petitioner and in actually eliciting testimony concerning petitioner's prior acts of domestic violence. Respondent also acknowledges that the Michigan Court of Appeals concluded that counsel's failure to object to the admission of this evidence, along with his strategy of eliciting such damaging evidence, was "objectively deficient." [1] This Court also noted in its opinion granting relief that:"[T]rial counsel candidly and honestly acknowledged at the evidentiary hearing that there was no reason why he failed to object to this damaging character evidence." *Dittrich,* 602 F. Supp. 2d at 807.

Although respondent contends that petitioner was not prejudiced by the admission of this "other acts" evidence because of the amount of damaging evidence introduced at trial against petitioner, respondent ignores this Court's finding that the evidence "was not so compelling for this Court to conclude that counsel's ineffectiveness did not prejudice petitioner." *Id.* at 808. This Court observed that there were no eyewitnesses to the alleged sexual assaults and other than the complainant's testimony, the only additional damaging evidence was petitioner's wife testimony that petitioner admitted having a sexual relationship with the complainant. This Court viewed petitioner's wife's testimony "with great skepticism, in light of her contentious relationship with petitioner." *Id.* Because this case "essentially boiled down to a credibility contest between the complainant and petitioner," this Court concluded that counsel's failure to object to the domestic violence evidence prejudiced petitioner. *Id.* Further, in light of the tenuous nature of the evidence in this case, respondent is unable

---

[1] *See* Response in Opposition to Bond and Requesting a Stay Pending Appeal, pp. 4-5.

4

to show either a strong likelihood of success on appeal or that he has a substantial case on the merits.

Secondly, respondent is not entitled to the issuance of a stay, because he has failed to show that he would be irreparably injured in the absence of a stay or that there would be any risk of harm to the public interest if a stay was not issued in this case. *Newman v. Metrish,* 300 Fed. Appx. 342, 343 (6th Cir. 2008); *Ward v. Wolfenbarger,* 340 F. Supp. 2d at 778.

However, because of the delay by the Court in issuing this decision, the Court will amend the order for new trial from 90 days to 120 days.

## ORDER

**IT IS ORDERED THAT Respondent's Motion for a Stay Pending Appeal [Dkt. # 17] is DENIED.**

IT IS FURTHER ORDERED THAT the order for new trial is **AMENDED** from 90 days to 120 days.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  June 17, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 17, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary